STATE EX REL. ANDREW J. BELL vs. ALEXANDER WEED.

New Haven & Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

The charter of the borough of Stamford provides that the warden and burgesses, on or before the Monday next preceding the annual election of officers, "shall make out a list of all the electors residing in the borough and qualified to vote therein, which list may be màde out entirely from the registry list of the voters of the town last perfected, and no person shall vote at said annual meeting unless his name shall appear upon the list of voters made by said warden and burgesses; provided that, if the name of any elector legally qualified to vote shall be omitted from the list and shall appear upon said registry of the town, he shall be permitted to vote." Held—

1. That the warden and burgesses were not a board of registration. Their duties were merely clerical.

2. That a list copied from the registry list of the town at the request of the clerk of the borough and three burgesses, though not written by the warden and burgesses nor made at their request, but accepted and used at the borough election, was a sufficient compliance with the requirements of the charter.

[Argued November 5th, 1890—decided January 5th, 1891.]

INFORMATION in the nature of a writ of quo warranto, against the defendant as usurper of the office of burgess of the borough of Stamford; brought to the Superior Court in the county of Fairfield, and heard before *Fenn, J.* Facts

found and judgment rendered for the defendant, and appeal by the relator. The case is fully stated in the opinion.

*J. H. Olmstead* and *G. W. Wheeler*, for the appellant.

1. No list of votes was prepared by the warden and burgesses of the borough, and therefore both elections were illegal and void. They are made by the charter a board of registration, and it provides that " no person shall be permitted to vote or act at said annual meeting of said borough, unless his name shall appear upon the list of voters made by said warden and burgesses." This language is imperative. Since no list was made by them, not a vote cast at the elections was legally cast. The proviso that where a name has been omitted from the list made out by the warden and burgesses, the voter may yet vote if his name is on the town registry, has no application here, because there was no list prepared from which a name could be omitted. In *State ex rel. Doerflinger* v. *Kilmantel*, 21 Wis., 566, the words of the act are : " No vote shall be received at any annual election in this state, unless etc." The court says it is difficult to conceive any language more strongly imperative than this. Cooley (Const. Lim., 758,) says: " And when the law requires such a registry, and forbids the reception of votes from persons not registered, an election in a township where no such registry has ever been made, will be void, and cannot be sustained by making proof that none in fact but duly qualified electors have voted. It is no answer that such a rule may enable the registry officers by neglecting their duty to disfranchise the electors altogether; the remedy of the electors is by proceedings to compel the performance of the duty; and the statute being imperative and mandatory, cannot be disregarded." See also McCrary on Elections, § 9; *Nefzger* v. *Davenport & St. Paul R. R. Co.*, 36 Iowa, 642; *State ex rel. Ensworth* v. *Albin*, 44 Misso., 346; *S. C.*, 46 id., 456; *Zeiler* v. *Chapman*, 54 id., 502; *Harrison* v. *Frazier*, 98 id., 426; *People* v. *Laine*, 33 Cal., 55; *People* v. *Kopplekom*, 16 Mich., 342; *People ex rel. Van Bokkelen* v. *Canaday*, 73 N. Car., 198; *McDowell* v. *Con-*

struction Co., 96 id., 514; State ex rel. Martin v. County Comrs., 20 Fla., 859; Barnes v. Supervisors of Pike Co., 51 Miss., 305; State ex rel. Bancroft v. Stumpf, 23 Wis., 630. The principles underlying these decisions are—(1) That the requirement of a registry by the law is mandatory and a failure to comply vitiates an election held in disregard of this requirement. (2) That registry lists must be made up by those authorized by law to make them at the time designated by law, so that all voters may see whether their names are on the list or not. (3) That the law will not permit the registry officers to neglect their duty and thereby cause the voters annoyance in casting their votes, or a total inability to have their votes accepted and counted.

S. Fessenden and N. C. Downs cited Commonwealth v. Smith, 132 Mass., 289; State ex rel. Love v. Freeholders of Hudson Co., 3 N. Jer. Law, 269; Boileau's Case, 2 Parsons's Sel. Cas., 503; Stevenson v. Lawrence, Brightly's Lead. Cas. on Elections, 527; S. C., 1 Brewst., 126; Taylor v. Taylor, 10 Minn., 107; Wheelock's Case, 82 Penn. St., 297; Prince v. Skellin, 71 Maine, 361; Fowler v. The State, 3 S. W. Rep., 255; Cooley's Const. Lim., 617; McCrary on Elections, §§ 190, 192, 193.

SEYMOUR, J. The sections of the charter of the borough of Stamford under which the claims in this case are presented, provide as follows:—Section 22 that "the warden and burgesses of the borough, on or before the Monday next preceding the annual election of officers for said borough, shall make out a list of all electors residing in said borough and qualified to vote therein, which said list may be made out entirely from the registry list of the voters of the town of Stamford last made and perfected, and no person shall be permitted to vote or act at said annual meeting of said borough unless his name shall appear upon the list of voters made by said warden and burgesses; provided that, if the name of any elector legally qualified to vote at said annual meeting shall be omitted from the list made out by said

warden and burgesses, and shall appear upon said registry list of said town of Stamford last made and perfected, then said elector shall be permitted to vote at said annual meeting and election, notwithstanding his name does not appear on the list so made out by said warden and burgesses. And section 7 provides that " the clerk of the borough of Stamford shall be the clerk of the board of warden and burgesses and shall keep all the records of said borough, and that he shall make true and regular entries upon the records of the votes and proceedings of said borough and of the warden and burgesses."

At the annual election of said borough, held on the first Monday in April, 1890, the relator and the respondent were candidates for the office of burgess. Upon counting the ballots it was found that both had received an equal number of votes, and the moderator declared that there was a tie. Thereupon, on the second Monday of said April, an election was held, pursuant to the provisions of the charter in cases of a tie vote, for the purpose of electing a burgess to fill the position declared to be left vacant by the tie between the relator and the respondent. Upon counting the ballots cast at said election it was found that the relator had five hundred and forty-four votes and the respondent five hundred and forty-six, and that there was one blank ballot. The moderator declared the respondent elected to the office of burgess of the borough. He took the oath of office and proceeded to act as such burgess. Thereupon an information in the nature of a writ of *quo warranto* against said Weed was filed in the Superior Court, and a trial thereon had. At the trial the relator contested the validity of said election on the ground that no list was prepared by the warden and burgesses, as required by the charter of the borough, and that therefore the respondent was not elected, and that both of the elections were illegal and void. The finding shows that a list was used at said elections which was prepared by Edward Riker and Doctor Rowell, both electors, but not officers, of the borough. The said Riker was requested, orally, by the borough clerk, and the said

Rowell by three of the burgesses, orally and separately, to assist in the preparation of the list. Said list first came into the hands of the clerk of the borough on the morning of said first election; nothing appears upon the records of the warden and burgesses of any action looking to the making up of a list nor of the delegation to any one of the power or authority to make such a list. There was no wrongful intent or want of good faith on the part of the former board of warden and burgesses, and all the votes about which there was any question were, by the evidence, before the Superior Court, and the result of said elections was in no way affected by any informality in the preparation of the voting list. Upon these facts the Superior Court found that the respondent is entitled to said office, and rendered judgment in his favor dismissing the information, and the relator has appealed.

Sundry questions of fact were made and decided in the court below. The only question of law presented by the record relates to the list of electors used at said elections. Was it a legal list within the requirements of the charter?

We are fully alive to the importance of all legislation looking towards the prevention of illegal voting. To guard the right of the qualified voter to have his vote counted, and, at the same time, to guard the ballot box against illegal votes and corrupt practices, is a duty of the highest importance. To this end a list of those entitled to vote at the several elections is of great service, and, in the election we are considering, was necessary to its validity. The cases cited in the brief for the relator seem to have been well considered and satisfactory upon the points which they discuss. But a mistake runs through his argument, arising from the assumption upon which the argument is based, that " the warden and burgesses are made, by the charter, a board of registration, passing upon the qualifications of voters and deciding upon those qualified to vote, and that this duty is imposed upon them and them alone." In other words, that the list contemplated by the charter is techni-

State ex rel. Bell *v.* Weed.

cally a registry list. If that were so, there would be no need of argument to convince us that the election was illegal. But such, clearly, is not the fact; so far from it indeed that the charter distinctly discriminates between the registry list and the list to be used at the borough election, and in terms provides that the latter, calling it a list of all electors, may be made out entirely from the registry list of the town last made and perfected. No other method of making out a list is prescribed or provided. If any other method might be adopted, yet the warden and burgesses are authorized to simply follow the last registry list of the town. The provision that, if the name of any elector, legally qualified to vote at the borough meeting, shall be omitted from the list made by the warden and burgesses, his right to vote shall depend, not upon his being a qualified voter, but upon the fact whether his name appears upon the last town registry list, is most significant. The making out of the borough list required no inquiry into the qualifications of those whose names were placed upon it. No application by the voter was necessary to ensure a place upon it. It was enough if it was copied from the last town registry list, and if it was not it could be corrected only from that list.

Nor are the warden and burgesses in any proper sense a board of registration when acting under this provision of the charter. The charter does not call them so nor impose upon them any duties which make them so within the meaning of the term as used in the argument. Their duties are merely clerical; they are instructed to make out a list, and are told from what other list to make it.

In this view of the matter the difficulties suggested by the relator, that the list was not in fact prepared by the warden and burgesses, nor by their collective procurement, are greatly lessened. A list of all the qualified electors residing in the borough was used. Though copied neither by the warden and burgesses nor at their request, it was a correct list, and was used, as the finding states, without wrongful intent or want of good faith, and the result of the elections was in no way affected by any informality in its pre-

paration. Under these circumstances we cannot decide otherwise than that the charter requirement was substantially complied with. The provision that the warden and burgesses shall make out a list cannot, in view of the mere clerical character of the work required, be construed as mandatory to the extent of requiring that it shall be done by their own hands. If done under their orders or at their request, it will be conceded that the provision would be satisfied. If done without their request and accepted, adopted and used, it may, with equal propriety, be said to have been made out by them within any reasonable construction of the charter, and to have been a substantial compliance with it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.